ORDERED.

**Dated:  March 18, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division
www.flmb.uscourts.gov

In re:

MODERNO PORCELAIN TAMPA, LLC,

     Debtor.

          /

Chapter 11, Subchapter V
Case No. 8:25-bk-08025-RCT

### ORDER CONFIRMING MODERNO PORCELAIN TAMPA, LLC'S PLAN OF REORGANIZATION PURSUANT TO SECTION 1191(a) OF THE BANKRUPTCY CODE

**THIS CASE** came before the Court on March 12, 2026, at 10:30 a.m. ET (the "**Hearing**"), to consider confirmation of *Moderno Porcelain Tampa, LLC's Plan of Reorganization* (Doc. No. 52) (the "**Plan**"),[1] which was timely filed by debtor-in-possession Moderno Porcelain Tampa, LLC (the "**Debtor**") on January 26, 2026, and was timely transmitted to all creditors and interested holders.  In connection with the confirmation of the Plan, the Court has considered the evidence presented at the Hearing as well as the record of this case, including the *Notice of Filing of Ballot Tabulation* (Docket No. 61) (the "**Tabulation Report**") and the *Debtor's Confirmation*

---

[1]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan.

85717363;7

*Memorandum and Declaration In Support of Plan of Reorganization* (Docket No. 62), and hereby finds and concludes:

## FINDINGS OF FACT & CONCLUSIONS OF LAW

A.  **Jurisdiction**.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[2] and the Federal Rules of Bankruptcy Procedure. The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.

B.  **Venue**.  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.  **Notice**.  Due, adequate, and sufficient notice of the Plan and the *Order (I) Scheduling Hearing On Confirmation of Plan of Reorganization, (II) Setting Related Deadlines, and (III) Setting Deadlines for Filing Administrative Expense Applications* (Docket No. 53) (the "**Scheduling Order**") was served upon all creditors entitled to vote on the Plan. Accordingly, the method of service and solicitation of acceptances of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "**Confirmation Deadlines**") were in compliance with the Federal Rules of Bankruptcy Procedure, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D.  **Modifications to the Plan**.  The Debtor announced at the Hearing the following modifications/amendments to the Plan:

None.

---

[2]  All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

85717363;7

E.      **Objections to Confirmation**.  Present at the Hearing were counsel for the Debtor, counsel for ALPROP-1, and the Subchapter V trustee.  No creditors filed any objections to the Plan or objected to the Plan in Court.

F.      **Ballots**.  Class 1 is unimpaired by the Plan, but Classes 2, 3, and 4 are impaired by the Plan.  Classes 2 and 3 were entitled to vote on the Plan.  As set forth below and in the Tabulation Report, a sufficient number of creditors in Class 3 voted to accept the Plan.

G.      **Proper Classification of Claims—11 U.S.C. §§ 1122 and 1123**.  The Plan adequately and properly identifies and classifies all claims.  Pursuant to section 1122(a) of the Bankruptcy Code, the claims placed in each class are substantially similar to other claims in each such class.  Pursuant to section 1123(a)(1) of the Bankruptcy Code, valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims.  The classification of claims in the Plan is reasonable and appropriate.

H.      **Specified Unimpaired Classes—11 U.S.C. § 1123(a)(2)**.  The Plan specifies all classes of claims or interests that are not impaired under the Plan.

I.      **Specified Treatment of Impaired Classes—11 U.S.C. § 1123(a)(3)**.  The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

J.      **No Discrimination—11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

K.      **Implementation of the Plan—11 U.S.C. § 1123(a)(5)**.  Section K of the Plan provides adequate means for the Plan's implementation.

85717363;7

L.      **Non-Voting Equity Securities/Allocation of Voting Power—11 U.S.C. § 1123(a)(6)**.  None.

M.      **Interests of the Creditors, Equity Security Holders, & Public Policy—11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

N.      **Additional Plan Provisions—11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

O.      **Principal Purpose of the Plan—11 U.S.C. § 1129(d)**.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

P.      **Subchapter V Plan Requirements—11 U.S.C. § 1189**.  The Plan complies with section 1189 of the Bankruptcy Code because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

Q.      **Contents of a Subchapter V Plan—11 U.S.C. § 1190**.  In compliance with section 1190 of the Bankruptcy Code, the Plan includes among other things: (1) a brief history of the business operations of the debtor; (2) a liquidation analysis; and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.

R.      **Satisfaction of Conditions**.   With respect to the relevant provisions of section 1129(a) of the Bankruptcy Code, the Court finds and concludes as follows:

1.      11 U.S.C. §§ 1129(a)(1) and (a)(2).  The Plan and the Debtor have complied with the applicable provisions of the Bankruptcy Code.

85717363;7

2.      11 U.S.C. § 1129(a)(3).  The Plan was proposed in good faith and not by any means forbidden by law.

3.      11 U.S.C. § 1129(a)(4).  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4.      11 U.S.C. § 1129(a)(5).  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in the funding of the plan with the Debtor, specifically Roberto Contreras and Lais Silva, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan Proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5.      11 U.S.C. § 1129(a)(7).  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of this title on such date.

6.      11 U.S.C. § 1129(a)(8). Every class of creditors that is impaired under the Plan voted to accept the Plan.  Therefore, section 1129(a)(8) of the Bankruptcy Code is met.

85717363;7

7.      11 U.S.C. § 1129(a)(9).  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that such claim shall be paid in full as agreed.

8.      11 U.S.C. § 1129(a)(10).  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan.

9.      11 U.S.C. § 1129(a)(11).  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

10.     11 U.S.C. § 1129(a)(12).  All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

11.     11 U.S.C. § 1129(a)(16).  All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

S.      Satisfaction of Conditions—11 U.S.C. § 1191(a).  The Plan satisfies all of the necessary requirements of sections 1129(a) and 1191(a) of the Bankruptcy Code.

Based upon the above facts and conclusions, it is

**ORDERED**:

1.      **Confirmation**.  The Plan is confirmed under section 1191(a) of the Bankruptcy Code and the Effective Date of the Plan shall be sixty (60) days following the date that is 14 days

85717363;7

after the date of entry of this order.  The Debtor shall file a notice of Effective Date of the Plan within five (5) days of the Effective Date.

2.    **Binding Effect of Plan**.  Pursuant to section 1141(a) of the Bankruptcy Code, except as provided in sections 1141(d)(2) and (3) of the Bankruptcy Code, the provisions of the Plan as of the Effective Date, bind the debtor, and any creditor, equity security holder, or general partner in the Debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner, is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the Plan.

3.    **Revesting of Property**.  As the Plan is confirmed pursuant to section 1191(a) of the Bankruptcy Code, assets shall vest in the Reorganized Debtor as of the Effective Date, free and clear of any and all liens, debts, obligations, claims, liabilities, and all other interests of every kind and nature, except for the obligations under the Plan.

4.    **Release**.  The releases provided in Section P.10 of the Plan shall only apply to the following creditors that timely returned ballots that expressly opted into the release by checking the applicable box: Moderno Atlanta, LLC; Moderno Central TX, LLC; Moderno Houston, LLC; Moderno LOG, LLC; Moderno Los Angeles, LLC; Moderno Phoenix, LLC; Moderno Porcelain Orlando, LLC; Moderno Porcelain Works, LLC;  Moderno Porcelain Works LLC; Moderno Six MM, LLC; Moderno Six MM Southeast, LLC; St. Christopher Holdings, LLC; and Moderno Twin Cities, LLC.  For the avoidance of doubt, the releases do not apply to any other creditor or party in interest.

5.    **United States Trustee Guidelines**.  The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

85717363;7

6.    **Termination of the Subchapter V Trustee**.  The service of the Subchapter V Trustee shall terminate when the Plan has been substantially consummated, except as otherwise provided in section 1183(c)(1) of the Bankruptcy Code.  Not later than 14 days after the Plan is substantially consummated, the Debtor shall file a notice of substantial consummation with the Bankruptcy Court and serve such notice on the Subchapter V Trustee, the U.S. Trustee, and all parties in interest.

7.    **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.  To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

8.    **ALPROP-I, LLC**.  The Debtor's Lease with ALPROP-I, LLC is assumed as of the Effective Date.  ALPROP-I, LLC's proof of claim number 23-1, which amends and supersedes its proof of claim number 6-1, *see* Doc. No. 60, shall be deemed satisfied in full upon payment of the cure amount of $114,219.62 plus attorney's fees and costs totaling $12,163.46 on the Effective Date.

9.    **Class 1 Holders**.  Holders of allowed Secured Claims in Class 1 are unimpaired and shall retain their liens and be paid pursuant to contractual terms.  To the extent a holder of an allowed Secured Claim in Class 1 has any balance owed, the Debtor shall pay any such arrearage on or before the Effective Date, *provided*, *that*, the Debtor retains all rights to contest the amount of any such arrearage, which shall be subject to this Court's jurisdiction.  The Plan is clarified with respect to Class 1 to reflect only two (2) holders of allowed Secured Claims in Class 1: (i) Manatee

85717363;7

County Tax Collector and (ii) The Huntington National Bank, Successor by Merger to Veritex Community Bank.

10.  **Executory Contracts and Leases**.  Under Section H of the Plan, all unexpired leases and executory contracts not expressly rejected are deemed to be assumed as of the Effective Date.  Unless otherwise provided in the Plan or agreed to between the Debtor and the contract counterparty, assumption shall be at a zero dollar cure amount.  Any claims arising from the rejection of an unexpired lease or executory contract, or regarding cure amount of an assumed contract, shall be filed within thirty (30) days from the date of this Order or be forever barred.

11.  **Compensation and Expense Reimbursement Applications**.  Debtor's counsel and other estate professionals shall file any final or supplemental applications for allowance of compensation and costs through the date of confirmation within thirty (30) days of entry of this Order.

12.  **Post-Confirmation Reporting**.  Quarterly reporting, including a summary of plan payments made during the quarter and cumulatively on a post-confirmation basis, supported by bank statements, must be filed with the Court and provided to the Subchapter V Trustee on the 21st of the first month following the end of a quarter.  The first report must be filed on or before April 21, 2026, for the period of March 12, 2026, through March 31, 2026, and the reporting shall continue on a quarterly basis until the final decree is entered, the case is dismissed, or the case is converted to another chapter under the Code.

13.  **Post-Confirmation Status Conference**.  The Court shall hold a post-confirmation status conference on May 7, 2026 at 9:30 a.m. ET in Courtroom 8A of the United States Bankruptcy Court, located at 801 North Florida Avenue, Tampa, Florida 33602.  Although the Court will conduct the status conference in person, any interested party may choose to attend the

9

85717363;7

hearing remotely using the services of Zoom Video Communications Inc. ("**Zoom**"), which permits remote participation by video or by telephone.  To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register, click below or enter the following web address into a browser:

https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKynipk6SXFBnivGTDA#/registration.

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.  This includes appropriate courtroom attire for those participants appearing in person or by video.

14.    **Documents Required to Effectuate Plan**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

15.    **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

a)    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

b)    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

c)    Adjudicate objections to claims, cure amounts, and rejection damages;

d)    Resolve disputes with respect to any injunctions created as a result of confirmation of the Plan;

85717363;7

e)      Adjudicate modifications of the plan under section 1193 of the Bankruptcy Code;

f)      Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

g)      Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

*Attorney McKean is directed to serve a copy of order on interested parties who do not receive service by CM/ECF and file proof of service within three days of its entry.*

85717363;7